UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY L. OTTOLINI,, | No. C-11-0477 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING** |
| BANK OF AMERICA, *et al.*, | |
| Defendant. _____/ | |

Defendants have filed a motion to dismiss which is currently set for hearing on May 4, 2011. Having reviewed Defendants' motion, the Court hereby orders that the parties provide supplemental briefing on the issue of subject matter jurisdiction.

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C.§ 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). In their notice of removal, Defendants initially argued that this Court has diversity jurisdiction. *See* Not. of Removal ¶ 4. But, subsequently, in their motion to dismiss, Defendants admitted that diversity jurisdiction was actually lacking as both Mr. Ottolini and Defendant ReconTrust Company, NA are citizens of California. *See* Mot. at 1; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (explaining that there is diversity jurisdiction "only where there is complete diversity of citizenship," *i.e.*, "where the citizenship of each plaintiff is different from that of each defendant"). Defendants maintained, however, that this problem does not defeat subject matter jurisdiction because this Court still has federal question jurisdiction over the instant matter. More specifically,

Defendants argued that there is federal question jurisdiction because (1) one of the causes of action identified on the caption page of the complaint refers to a tax code and because (2) the complaint contains allegations that Defendants were required to comply with the federal Home Affordable Modification Program ("HAMP") program.

The Court has difficulty in seeing merit in Defendants' first argument. The caption page of the complaint refers to Revenue and Tax Code §§ 23304.1 and 23305A. These statutes arise from state law – *i.e.*, the California Revenue and Tax Code – not federal law – *i.e.*, the Internal Revenue Code. Moreover, although the caption page does refer to the above statutes, that is the sole reference made to the statutes in the entire complaint. There are no substantive allegations related to these statutes. Thus, ultimately, no causes of action appear to be pled pursuant to the statutes.

As for Defendants' second argument, the Court finds it problematic. In the complaint, Mr. Ottolini does make reference to B of A and/or BAC's agreement with the federal government to work diligently to modify loans and/or participate in the HAMP. See Compl. ¶¶ 28-33. But that in and of itself does not any of the claims asserted in the complaint a federal cause of action. And in contrast to the cases cited by Defendants, in the case at hand, none of the claims as pled seems to be predicated on an agreement between B of A/BAC and the federal government.[1] The negligence claim, for example, does not appear to make any reference to an agreement with the federal government. As for the fraud claim, it does refer to an agreement, but that appears to be an agreement that B of A/BAC made with Mr. Ottolini, not with the federal government. *See* Compl. ¶ 47 (alleging that "foreclosing defendants agreed to review Plaintiff's application for modification").

Finally, to the extent there is at least one federal claim asserted in the complaint in addition to state claims, the Court notes that Defendants have asked for dismissal of the federal claim, in

---

[1] In the cases cited by Defendants, the claim asserted by the plaintiff was clearly predicated on an agreement between the lender and the federal government. The plaintiff was alleging that the lender had breached the agreement with the federal government and was seeking relief as a third-party beneficiary. *See Gallardo v. Wells Fargo Bank NA*, No. CV 10-01441 GAF (AJWx), 2010 U.S. Dist. LEXIS 11906 (C.D. Cal. Oct. 26, 2010); *Nguyen v. Bac Home Loan Servs., LP*, No. C-10-01712 RMW, 2010 U.S. Dist. LEXIS 105704 (N.D. Cal. Oct. 1, 2010); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM (BLM), 2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009).

2

which case, there is the issue of whether the Court should maintain supplemental jurisdiction over any remaining state claims. *See* 28 U.S.C. § 1367(c).

No later than April 20, 2011, the parties shall file and serve briefs addressing the Court's concerns regarding subject matter jurisdiction. Each brief shall be no longer than 3 pages.

IT IS SO ORDERED.

Dated: April 6, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY L. OTTOLINI,, | No. C-11-0477 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| BANK OF AMERICA, *et al.*, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Jay L. Ottolini
5381 Faught Road
Santa Rosa, CA 95403
707-953-9705
PRO SE

Dated:  April 6, 2011                              RICHARD W. WIEKING, CLERK

                                                              By:  _____/s/  Leni Doyle_____
                                                                       Leni Doyle
                                                                       Deputy Clerk